

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. Y. Preston
County Attorney
Childress County
Childress, Texas

Dear Sir:

Opinion No. O-3914
Re: When a person who has been in-
dicted for the offense of operat-
ing a motor vehicle upon a pub-
lic highway while intoxicated
and the offense occurred prior
to June 17, 1941, but after that
date was transferred from the
district court to the county
court, and then when the case
was called for trial in the
county court or during trial in
county court, the accused ex-
pressly elects to be tried under
the old law, which was a felony,
does that election deprive the
county court of jurisdiction,
and related questions?

We acknowledge receipt of your letter of August 27,
1941, requesting an opinion of this department on the ques-
tions stated herein.

We quote from your letter as follows:

"When a person who has been indicted for
the offense of operating a motor vehicle upon
a public highway while intoxicated and the of-
fense occured prior to June 17th but after that
date was transferred from the district court to
the county court, and then when the case was
called for trial in the county court or during
trial in county court, the accused expressly
elects to be tried under the old law, which was

a felony, does that election deprive the county court of jurisdiction; and if so, may the case be legally retransferred to the district court; or since the county court has jurisdiction of the 'new drunk driving law' but had no jurisdiction over the 'old drunk driving law', can the accused be refused the right of election.

"..."

Prior to the passage of House Bill No. 73, Article 802, Vernon's Annotated Penal Code, as amended, provided that:

"Art. 802. Driver intoxicated or under influence of intoxicating liquor.

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this State while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500). (As amended Acts 1937, 45th Leg., p. 108, ch. 60, | 1.)"

Section 1 of House Bill No. 73, as recently enacted by the 47th Legislature, reads as follows:

"Section 1. Article 802 of the Penal Code of the State of Texas, as amended by Acts of the Legislature, Second Called Session in 1923, and as amended by Acts of 1935, Forty-fourth Legislature, First Called Session, Chapter 424, page 1654, and as amended by Acts of 1937, Forty-fifth Legislature, Chapter 60, page 108, shall be and is amended so that hereafter same shall read as follows:

"'Article 802.

"'Any person who drives or operates an
automobile or any other motor vehicle upon any
public road or highway in this State, or upon
any street or alley within the limits of an
incorporated city, town or village, while such
person is intoxicated or under the influence
of intoxicating liquor, shall be guilty of a
misdemeanor, and upon conviction, shall be
punished by confinement in the County Jail for
not less than ten (10) days nor more than
two (2) years, or by a fine of not less than
Fifty Dollars ($50) nor more than Five Hundred
Dollars ($500), or by both such fine and im-
prisonment.'"

This department held in opinion No. O-3740, that
House Bill No. 75, Acts of the 47th Legislature, Regular Ses-
sion, became effective on June 17, 1941.

Article 15 of Vernon's Annotated Penal Code provides:

"When the penalty for an offense is pre-
scribed by one law and altered by a subsequent
law, the penalty of such second law shall not
be inflicted for an offense committed before
the second shall have taken effect. In every
case the accused shall be tried under the law
in force when the offense was committed, and
if convicted punished under that law; except
that when by the provisions of the second law,
the punishment is ameliorated he shall be
punished under the second unless he elect to
receive the penalty prescribed by the law in
force when the offense was committed."

Article 423, Vernon's Annotated Code of Criminal
Procedure, reads as follows:

"When a cause has been improvidently
transferred to a court which has no jurisdic-
tion of the same, the court to which it has
been transferred shall order it to be re-
transferred to the proper court; and the same
proceedings shall be had as in the case of
the original transfer. In such case, the de-
fendant and the witnesses shall be held bound

to appear before the court to which the case
has been re-transferred, the same as they
were bound to appear before the court so trans-
ferring the same."

Article 802 of the Penal Code as amended by House
Bill No. 73, supra, changes the offense of driving a motor
vehicle over a public highway, etc., while intoxicated, from
a felony to a misdemeanor. Under the former law, the offense
being a felony, exclusive original jurisdiction for trial
is vested in the district courts. Article 5, Section 8,
Constitution of Texas; Article 54, Code of Criminal Procedure.
In misdemeanor cases, such as include violations of Article
802, supra, as recently amended by House Bill No. 73, the
exclusive original jurisdiction for trial lies in the county
courts. Article 5, Section 16, Constitution of Texas; Arti-
cle 56, Code of Criminal Procedure.

Under the facts stated in your inquiry, and in
view of the above mentioned authorities, it is the opinion
of this department that the accused may elect to be tried
under the old law, which was a felony, and that the elec-
tion deprives the county court of jurisdiction. It is our
further opinion that the county court can legally re-transfer
the case to the district court, and that the accused cannot
be refused the right of election. However, as a matter of
precaution, we think that it would be well to let the
record reflect all of the proceedings relative to the elec-
tion and re-transfer for purposes of appeal, should appeal
be taken from the district court.

We have carefully considered the case of Philpott v.
State, 62 S. W. 931, mentioned in your inquiry, and think
that this case has no application to the question under
consideration, as the question there involved concerns the
transferring of the case from the district court to the
county court and the question was raised under Article 456
of the Code of Criminal Procedure regarding the transfer of
such cases from the district court to the justice court, and
the court held in effect that when a case and the latter court
has jurisdiction to try the particular case, this jurisdic-
tion cannot in any way be impeached. This was the case
where the defendant was charged with the offense of playing
cards in a public place.

We are enclosing a copy of our opinion No. O-5740,
relative to the effective date, operation and construction of

the recent amendment to Article 802, Penal Code, for your information.

In connection with the foregoing, we also direct your attention to our opinion No. O-5912, wherein it is stated in part as follows:

"In connection with the general subject matter of this opinion, and opinion No. O-5740, we wish to direct attention to the fact that while in most counties the district court has original trial jurisdiction of felonies only, and the county court has original trial jurisdiction in misdemeanor cases, the Constitution authorizes the Legislature to divest a county court of its criminal jurisdiction and to confer the same upon the district court of the county. See Article 5, Sections 8, 16, 22, Constitution of Texas; Mora v. State, 9 Tex. Cr. R. 406; Johnson v. State, 26 Tex. Cr. R. 595, 9 S. W. 611. This has been done in several instances; and in counties where the district court has had misdemeanor jurisdiction duly conferred upon it, the removal of indictments or transfer of the cases would not only be unnecessary but improper.

"It has been suggested that the election of the accused should be obtained, where cases are transferred from the district court to the county court, before the order of transfer is made. In other words, that the district judge, before transferring the case to the county court, should require the accused to state whether he wished to be tried under the old law as provided in Article 13, Penal Code, supra.

"We believe this would be not only permissible, but the preferable practice. It would enable the district court to proceed at once to trial, in the event accused elected to receive the punishment affixed by the old law; and it would seem to eliminate two useless transfers, first to the county court, and when upon the accused being called to trial in the county court, and electing to

be tried under the old law, the re-transfer
of the case to the district court. If this
procedure should be followed, the order of
transfer to the county court should recite
that accused refused to be tried under the
old law, which in itself would seem to suffi-
ciently show the election to be so tried
was specifically waived. If such practice
be followed, it occurs to us that the busi-
ness of both the district and county court
could be expedited without injury to anyone."

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:00

APPROVED SEP. 19, 1941

/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN

WJF